IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

        Plaintiff,                    No. 2:12-cv-2185 AC P

    vs.

SALINAS, et al.,

        Defendants.         <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        *Motion to Proceed in Forma Pauperis*

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

*Request for Status*

Plaintiff has also filed a "Request for Status," in which he describes a series of orders he has recently received from the court in his various pending civil actions, and asking the court, among other things, why a new civil action has been opened against defendant Salinas. See Doc. No. 6.

On August 22, 2012, the magistrate judge presiding over Bontemps v. Salinas, 10-cv-2345 DAD, issued an order directing that plaintiff's second amended complaint be re-filed as a new, randomly assigned action. The new case number assigned was 12-cv-2185 GGH P. That is the instant action. The operative complaint is dated July 31, 2012, and describes an incident which took place on June 2, 2012, when plaintiff was allegedly searched outside the prison law library. Plaintiff is referred to the August 22, 2012 order for a fuller explanation of the court's reasoning for designating this dispute as a separate action.[1]

As to plaintiff's other cases, the court advises plaintiff that:

(1) Case number 12-cv-2249 DAD, Bontemps v. Barnes, was initiated by plaintiff's complaint, dated August 26, 2012, which describes an incident at High Desert State Prison which took place on February 5, 2012, when plaintiff was allegedly searched outside the Dining Hall; and

(2) Case number 12-cv-2250 GGH, Bontemps v. Barnes, was initiated by complaint dated August 27, 2012, which describes an incident at the Program Office which took

---

[1] A review of the docket for case number 10-cv-2345 reflects that plaintiff was served with a copy of this order on August 22, 2012. In light of plaintiff's request, the court, as a courtesy, will direct the Clerk to serve this order on plaintiff a second time.

place on February 27, 2012.

*The Complaint*

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Summary of the Complaint

Plaintiff alleges that, on June 2, 2012, defendants Neves, Abbott, and Shillford stopped him outside the law library at High Desert State Prison, where plaintiff is housed, and violently searched him.  He alleges that the defendants made him remove his nylon back brace, and that defendants stripped, pushed, shoved, and punched plaintiff while searching him. Plaintiff also alleges that defendants lifted plaintiff off the ground and slammed him down on the pavement.

Plaintiff alleges that defendant Shillford searched his legal work.  After finding a complaint plaintiff had written about defendant Neves, defendant Shillford allegedly told plaintiff that he was tired of plaintiff writing up his staff, and that they were going to teach him a lesson.  Plaintiff also alleges that he had previously filed a grievance regarding defendant Abbott's use of excessive force.

Plaintiff seeks money damages as well as injunctive relief.

Analysis

At the outset, the court notes that the operative complaint in this case was initially filed in one of plaintiff's other civil actions (see supra), and so lists in its caption a defendant named Salinas.  A review of the allegations reflects that plaintiff does not allege any participation by defendant Salinas in any of the events described in the body of the complaint, nor does plaintiff include Salinas in his list of defendants at Section III of the complaint.  Indeed,

4

plaintiff has even asked the court to clarify why it has opened a new action against Salinas. These factors suggest that plaintiff does not intend to raise any claims against Salinas in connection with the June 2, 2012 incident; however, the court will not presume that plaintiff does not so intend, and will accordingly dismiss the complaint with leave to amend. This will allow plaintiff, if he chooses, to amend his complaint to add any additional claims which arose in connection with the June 2, 2012 incident, including any claims against Salinas.

As to the remaining defendants, the complaint states a cognizable claim for relief under the First, Fourth, and Eighth Amendments, against the three remaining defendants, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action against defendants Neves, Abbott, and Shillford.

If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff elects not to amend his complaint, the action will proceed against only defendants Neves, Abbott, and Shillford on plaintiff's First, Fourth, and Eighth Amendment claims.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for status (Doc. No. 6) is construed as a motion for clarification. So construed, the motion is granted, as outlined above;

2. The Clerk shall re-serve on plaintiff a copy of the court's August 22, 2012 order filed in <u>Bontemps v. Salinas</u>, Case No. 2:10-cv-2345 Doc. No. 19;

3. Plaintiff's request for leave to proceed in forma pauperis is granted;

4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.00. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

5. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the complaint be dismissed against defendant Salinas, and proceed against only defendants Neves, Abbott, and Shillford on plaintiff's First, Fourth, and Eighth Amendment claims.

DATED: November 21, 2012

/s/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
bont2185.B

6