IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,                            No. 2:12-cv-2185 AC P

    vs.

SALINAS, et al.,

    Defendants.                       ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his complaint for damages and injunctive relief filed pursuant to 42 U.S.C. § 1983.

        On November 26, 2012, the court ordered that plaintiff's complaint be dismissed with leave to amend. See ECF No. 10. The court noted that plaintiff had not raised any claims against defendant Salinas, but offered the plaintiff an opportunity to amend his complaint in case he wished to do so. Id. at 5. The court additionally noted that plaintiff had articulated colorable First, Fourth, and Eighth Amendment claims against defendants Neves, Abbott, and Shillford. Id.

        In response to the court's order, plaintiff did not file an amended complaint. He has instead filed a response and a declaration which read that plaintiff does not wish to proceed

1

in this action against defendant Salinas.  See ECF Nos. 12, 14.  Plaintiff has additionally filed a "Supplemental Complaint" against defendant Neves.  See ECF No. 13.

Plaintiff may not supplement his claims against defendant Neves in a "supplemental complaint."  Instead, if plaintiff wishes to add additional claims, he must do so in an amended complaint.  As noted in the court's November 26, 2012 order:

> plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

See ECF No. 11 at 5-6.

The court will accordingly grant plaintiff an additional 30 days to file an amended complaint, if he so chooses.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects not to amend his complaint, the action will proceed against only defendants Neves, Abbott, and Shillford on plaintiff's First, Fourth, and Eighth Amendment claims which were raised in the original complaint.

1  Good cause appearing, IT IS HEREBY ORDERED that plaintiff is granted an
2  additional thirty (30) days from the filing date of this order in which to file an amended
3  complaint.  Failure to file an amended complaint will result in the court's proceeding on the
4  original complaint, against defendants Neves, Abbots, and Shillford only.
5  DATED: February 14, 2013.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
bont2185.36

3