UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>   Plaintiff,<br><br>   v.<br><br>SALINAS, et al.,<br><br>   Defendants. | No.  2:12-cv-02185 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On November 26, 2012, the undersigned granted plaintiff's request to proceed in forma pauperis.  ECF No. 10.  The complaint was ordered served on defendants Neves, Abbott and Shillford on June 3, 2013.  ECF No. 22.  Before the court is defendants' August 26, 2013 motion to revoke plaintiff's in forma pauperis status and dismiss this action on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g).  ECF No. 25.  Plaintiff has failed to oppose the motion, and defendants have filed a reply indicating the same.  ECF No. 27.  For the reasons set forth below, the undersigned will revoke plaintiff's in forma pauperis status and order plaintiff to pay the filing fee or face dismissal of this action.

I.     Motion to Revoke

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit

1

indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ

of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II.    Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has three prior strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

    1.  Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.).  On November 8, 2006, plaintiff filed a pro se civil rights complaint against correctional staff and, two weeks later, a purported amended complaint.  In his screening order, the Magistrate Judge found that "plaintiff has set forth no factual allegations supporting a claim of a violation of plaintiff's rights . . . and names no individual who has personally subjected him to" unconstitutional conditions.  Id., ECF No. 9 at 4.  As plaintiff failed to state a cognizable claim for relief, his complaints were dismissed with leave to amend.  Id., ECF No. 9 at 6.  On December 22, 2008, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos. 12, 14.

    2.  Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.).  On November 17, 2006, while the above action was pending, plaintiff filed a pro se civil rights complaint against a correctional officer and a prison warden.  In the screening order, the Magistrate Judge found that plaintiff's allegations were "insufficient" to comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure; that plaintiff made no allegations at all against the warden; and that plaintiff's "conclusory" allegations against the correctional officer failed to state a constitutional claim.  Id., ECF No. 9.  As plaintiff failed to state a cognizable claim for relief, his complaint was dismissed with leave to amend.  Id.  On August 30, 2007, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos. 11, 12.

    3.  Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.).  On April 16, 2007, while the above action was pending, plaintiff filed a pro se civil rights complaint challenging

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  prison officials' failure to file a staff complaint submitted by plaintiff.  In the screening order, the
2  Magistrate Judge concluded that plaintiff "fails to state a claim under the civil rights act, for there
3  is no constitutional right to a prison grievance process."  Id., ECF No. 3 at 3.  As plaintiff failed to
4  state a cognizable claim for relief, his complaint was dismissed with leave to amend.  Id.  On July
5  5, 2007, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos.
6  6, 7. [2]

Plaintiff failed to file any opposition to defendants' motion to revoke in forma pauperis status.  The undersigned finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is under imminent danger of serious physical injury.  See 28 U.S.C. 1915(g); Canell v. Lightner, 143 F.3d 1210, 1212 (9th Cir. 1998).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was under imminent danger at the time of filing the complaint.  See Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007) (recognizing the general consensus among federal courts that "[p]risoners qualify for the [imminent danger] exception based on the alleged conditions at the time the complaint was filed."); Abdul –Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).  Plaintiff's allegations in the original complaint concerning a search of his person on June 2, 2012 by defendants Neves, Abbott, and Shillford do not satisfy the "imminent danger" exception.[3]

Because the court concludes that plaintiff is a "three strikes" litigant, it need not reach

---

[2] The court also notes that plaintiff filed twelve pro se prisoner actions in the Northern District of California in 1994 and 1995, all of which were dismissed before he filed the instant action.  ECF No. 25, Exhibits 4-8, 10-16.  In four of those cases, the district court denied plaintiff's application to proceed in forma pauperis.  Id., Exhibits 7, 10, 12, 13.

[3] After the time to file an amended complaint had expired and the original complaint was ordered served on defendants Neves, Abbott, and Shillford, plaintiff filed a first amended complaint on August 1, 2013.  ECF No. 24.  The amended complaint names an additional 10 defendants and alleges various acts of retaliation before, during, and after an ICC hearing in October 2012 that concerned plaintiff's housing status and request for transfer out of High Desert State Prison. While plaintiff alleges that he is in imminent danger in the first amended complaint, the court's analysis focuses on the time of filing of the original complaint.  Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007).

defendants' alternative arguments for revoking plaintiff's IFP status.  Defendants also request that the court impose sanctions against plaintiff for his false representations to this court concerning the number of prior lawsuits that he has filed as a prisoner.  See Fed. R. Civ. P. 11(c), 41(b).  Prior to filing a separate motion for sanctions, defendants were required to provide notice to plaintiff that they intended to seek sanctions pursuant to Rule 11(c) unless he modified his averment in the original complaint that he has only filed two prior lawsuits.  See ECF No. 1 at 1; see also Fed. R. Civ. P. 11(c)(2).  If plaintiff failed to correct this averment within 21 days then defendants were permitted to file a formal motion for sanctions with the court.  Fed. R. Civ. P. 11(c)(2).  That procedure was not followed in the instant case.  For that reason, the court will exercise its discretion and not impose sanctions against plaintiff.  While the court has the inherent power to sanction parties for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991), and such sanctions may include dismissal, Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991), the court will not do so in the instant case since plaintiff indicated in his first amended complaint that he has filed "several" previous lawsuits as a prisoner.  See ECF No. 24 at 1.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to revoke in pauperis status, ECF No. 25, is granted to the following extent:

1. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);

2. The order granting plaintiff's application to proceed in forma pauperis (ECF No. 10) is VACATED;

3. The order directing the CDCR to make payments to the court from plaintiff's prison trust account for payment of the filing fee for this action (ECF No. 11) is VACATED;

4. The Clerk of Court is directed to serve a copy of this order on:

    (1) the Director of the CDCR; and

    (2) the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division;

5. Plaintiff shall submit, within 30 days from the date of this order, the $350.00 filing fee for this action;

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

7. Defendants' request for terminating sanctions is denied.

DATED: November 6, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE