UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS, | No. 2:12-cv-02185 TLN AC P |
| Plaintiff, | |
| v. | AMENDED FINDINGS AND RECOMMENDATION |
| SALINAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants' August 26, 2013 motion to revoke plaintiff's in forma pauperis status and to dismiss the action on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g).  ECF No. 25.  The undersigned issued Findings and Recommendations on November 7, 2013, which recommended granting the motion.  ECF No. 28.  On December 26, 2013, the Ninth Circuit U.S. Court of Appeal decided Knapp v. Hogan, 738 F.3d 1106 (9th Cir. 2013).  On April 3, 2014, the District Judge returned the matter to the undersigned for reconsideration in light of Knapp.  ECF No. 39.

I.      Standards Governing Revocation of IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does

not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II.     Motion To Revoke

Defendants contend in their motion that plaintiff's litigation history shows that he has three prior strikes. Defendants rely on the following three cases, of which the undersigned takes judicial notice[1]:

1. Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.).  On November 8, 2006, plaintiff filed a pro se civil rights complaint against correctional staff and, two weeks later, a purported amended complaint.  In his screening order, the Magistrate Judge found that "plaintiff has set forth no factual allegations supporting a claim of a violation of plaintiff's rights . . . and names no individual who has personally subjected him to" unconstitutional conditions.  Id., ECF No. 9 at 4.  As plaintiff failed to state a cognizable claim for relief, his complaints were dismissed with leave to amend.  Id., ECF No. 9 at 6.  On December 22, 2008, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos. 12, 14.

2. Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.).  On November 17, 2006, while the above action was pending, plaintiff filed a pro se civil rights complaint against a correctional officer and a prison warden.  In the screening order, the Magistrate Judge found that plaintiff's allegations were insufficient to comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure; that plaintiff made no allegations at all against the warden; and that plaintiff's allegations against the correctional officer were merely "conclusory."  Id., ECF No. 9.  Plaintiff's complaint was dismissed with leave to amend.  Id.  Plaintiff did not file an amended complaint within the time provided.  On August 30, 2007, the action was dismissed "for the reasons given in the April 9, 2007, [screening] order."  Id., ECF No. 11 (Findings and Recommendations) (adopted by Order at ECF No. 12).

3. Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.).  On April 16, 2007, while the above action was pending, plaintiff filed a pro se civil rights complaint challenging

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

prison officials' failure to file a staff complaint submitted by plaintiff.  In the screening order, the Magistrate Judge concluded that plaintiff "fails to state a claim under the civil rights act, for there is no constitutional right to a prison grievance process."  Id., ECF No. 3 at 3.  As plaintiff failed to state a cognizable claim for relief, his complaint was dismissed with leave to amend.  Id.  On July 5, 2007, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos. 6, 7. [2]

III.    Discussion

In Knapp, the Ninth Circuit considered whether a dismissal under Rule 8(a) of the Federal Rules of Civil Procedure, for violating the short and plain statement requirement, may constitute a strike within the meaning of the PLRA's three strikes provision.  The court held that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)."  Knapp, 738 F.3d at 1110 (emphasis in original).  It is the litigant's persistence in "refus[ing] to conform his pleadings to the requirements of the Federal Rules" that makes it "reasonable to conclude that the litigant simply cannot state a claim."  Id.

The dismissal of Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH, does not constitute a strike under Knapp.  In Bontemps v. Kramer, the Magistrate Judge found that plaintiff's allegations were "insufficient" to comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, plaintiff made no allegations against the warden and his "conclusory" allegations against Defendant Pulley were insufficient to state a constitutional violation for retaliation.  Id., ECF No. 9.  The complaint was therefore dismissed with leave to amend.  Id.  On August 30, 2007, plaintiff having failed to amend, the action was dismissed for the reasons given in the screening order – that is, for violation of Rule 8.  Id., ECF Nos. 11, 12.

Knapp provides that "*repeated and knowing* violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C.

---

[2] The court also notes that plaintiff filed twelve pro se prisoner actions in the Northern District of California in 1994 and 1995, all of which were dismissed before he filed the instant action.  ECF No. 25, Exhibits 4-8, 10-16.  In four of those cases, the district court denied plaintiff's application to proceed in forma pauperis.  Id., Exhibits 7, 10, 12, 13.

1  § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no
2  modification within a reasonable time." Knapp, 738 F.3d at 1108-09 (emphasis added).
3  Plaintiff's violation of Rule 8 in Case No. 2:06-cv-2580 GEB GGH cannot be characterized as
4  "repeated and knowing." Unlike the prior strikes considered by the Ninth Circuit in Knapp, each
5  of which involved persistent filing of non-compliant complaints despite repeated warnings about
6  the requirements of Rule 8, id. at 1110, plaintiff in this case received a single warning and did not
7  thereafter file complaints that continued to violate Rule 8. Accordingly, the dismissal of the
8  action amounted to a simple dismissal for failure to prosecute, rather than a dismissal for repeated
9  disobedience of Rule 8 and of the district court's orders, as in Knapp. See id. at 1111
10 (emphasizing plaintiff's repeated disobedience). Accordingly, this dismissal does not count as a
11 strike under Knapp.

12     Because one of the three prior dismissals relied upon by defendant does not constitute a
13 strike, it is unnecessary to decide whether the other two prior dismissals qualify. The undersigned
14 previously concluded that they did, but notes that those same prior dismissals were found by
15 District Judge Muller, in another case brought by plaintiff in this district, not to qualify as strikes.
16 See Bontemps v. Callison, No. 2:13-cv-0361 KJM AC P at ECF No. 26 (finding that dismissal
17 for failure to file amended complaint does not constitute a strike). There is a conflicting authority
18 on the question whether, and under what circumstances, dismissal for failure to prosecute
19 following a dismissal with leave to amend may qualify as a strike outside the Rule 8 context
20 addressed in Knapp. Because revocation of IFP status requires three strikes, and Case No. 2:06-
21 cv-2580 GEB GGH does not count as a strike for the reasons explained above, it is unnecessary
22 to reach this issue.

23 V.     Alternative Request for Sanctions
24     Defendants also request that the court impose sanctions against plaintiff for his false
25 representations to this court concerning the number of prior lawsuits that he has filed as a
26 prisoner. See Fed. R. Civ. P. 11(c), 41(b). Prior to filing a separate motion for sanctions,
27 defendants were required to provide notice to plaintiff that they intended to seek sanctions
28 pursuant to Rule 11(c) unless he modified his averment in the original complaint that he has only

5

filed two prior lawsuits. See ECF No. 1 at 1; see also Fed. R. Civ. P. 11(c)(2). If plaintiff failed to correct this averment within 21 days then defendants would be permitted to file a formal motion for sanctions with the court. Fed. R. Civ. P. 11(c)(2). That procedure was not followed in the instant case. For that reason, the undersigned recommends that the court exercise its discretion not to impose sanctions against plaintiff.

Moreover, while the court has the inherent power to sanction parties for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991), and such sanctions may include dismissal, Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991), this is not an appropriate case in which to impose sanctions. Plaintiff indicated in his first amended complaint that he has filed "several" previous lawsuits as a prisoner. See ECF No. 24 at 1. This may be somewhat of an understatement, but it is not a false statement and represents an implicit retraction of the inaccurate allegation that he had filed only two previous lawsuits. Because plaintiff voluntarily amended the allegedly false statement, sanctions are not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 25) be denied; and,

2. Defendants' alternative request for sanctions also be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE